## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY A.  ZIERKE, | : | CIVIL ACTION NO. 3:CV-15-0911 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| DAVID J.  EBBERT, | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner, Gary A.  Zierke, an inmate currently confined in the United States

Penitentiary, Lewisburg, Pennsylvania, filed the above captioned petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  He challenges a conviction and

sentence imposed by the United States District Court for the District of Nebraska.

For the reasons set forth below, the Court will dismiss the petition for writ of

habeas corpus.

**Procedural Background**

On April 22, 2009, Petitioner was sentenced in the United States District

Court for the District of Nebraska to 360 months imprisonment on one count of

Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006) and Distribution of

Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1).  See USA v.

Zierke, Criminal Action No. 4:08-CR-03067 (D. Nebraska (4 Lincoln)).

On April 23, 2009, Zierke filed a direct appeal of his conviction and sentence

to the United States Court of Appeals for the Eighth Circuit.  See USA v. Zierke,

No. 09-2005 (8th Cir. 2009).  Zierke challenged the evidentiary rulings of audio

recordings and testimony of witnesses, as well as, insufficient evidence to uphold

his conviction.  Id.  On August 24, 2010, the appellate court found no errors and

affirmed the judgment of the district court.  Id.

On August 18, 2010, Zierke filed a motion for writ of mandamus in the

United States District Court for the District of Nebraska seeking indictment of

attorney Matt Molsen, and to compel an officer or employee of the United States to

perform a duty owed to him.  See USA v. Zierke, Criminal Action No.

4:08-CR-03067 (D. Nebraska (4 Lincoln)).  By Order of the same date, the District

Court denied the petition for writ of mandamus.  Id.  On August 27, 2010, Zierke

filed a notice of Appeal to the Eighth Circuit Court of Appeals, which affirmed the

District Court on October 15, 2010.  See USA v. Zierke, No. 10-2993 (8th Cir.

2009).

On September 7, 2010, Petitioner filed a motion filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  See USA v. Zierke,  No. 4:08-CR-03067 (D. Nebraska (4 Lincoln)).  In his motion, Zierke claimed he received newly discovered evidence of prosecutorial misconduct.  Id.  On September 15, 2010, the district court denied Zierke's motion.  Id.  On September 27, 2010, Petitioner filed an appeal of the denial of his § 2255 Motion, and the United States Court of Appeals for the Eighth Circuit denied his request for a certificate of appealability on February 3, 2011.  See  USA v. Zierke, No. 10-3242 (8th Cir. 2010).  Zierke then filed a petition for writ of certiorari with the United States Supreme Court. See USA v. Zierke, No. 10-9917.  On May 16, 2011, the Supreme Court denied the writ of certiorari.  Id.

On October 20, 2011, Zierke filed a petition in the United States Court of Appeals for the Eighth Circuit, for permission to file a successive habeas petition in the district Court.  Zierke v. United States, No. 11-3290 (8th Cir. 2011).  On December 5, 2011, the Court of Appeals denied Zierke's petition for successive habeas petition.  Id.

On July 19, 2012, Zierke filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, in which he challenged his 2009

3

conviction and sentence.  <u>Zierke v. Ebbert</u>, Civil Action No. 3:12-cv-1394 (M.D. Pa 2012).  By Memorandum and Order dated December 13, 2012, Zierke's petition for writ of habeas corpus was dismissed for lack of jurisdiction.  <u>Id</u>.

On November 4, 2013, Zierke filed a motion filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  <u>See</u> <u>USA v. Zierke</u>, Criminal Action No. 4:08-CR-03067 (D. Nebraska (4 Lincoln)).  By Memorandum and Order dated November 21, 2013, the District Court denied Zierke's motion, for failing to have obtained permission from the Court of Appeals to file a successive petition as required by 28 U.S.C. § 2255(h).  <u>Id</u>. On December 2, 2013, Petitioner filed an appeal of the denial of his § 2255 Motion.  <u>Id</u>.  On May 27, 2014, the United States Court of Appeals for the Eighth Circuit denied Zierke's request for a certificate of appealability and dismissed his appeal. <u>See</u>  <u>USA v. Zierke</u>, No. 14-1179 (8th Cir. 2014).

On January 16, 2015, Zierke filed a second petition in the United States Court of Appeals for the Eighth Circuit, for permission to file a successive habeas petition in the district Court.  <u>Zierke v. United States</u>, No. 15-1094 (8th Cir. 2015).  On May 1, 2015, the Court of Appeals denied Zierke's petition for successive habeas petition.  <u>Id</u>.

On May 11, 2015, Zierke filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he again challenges his 2009 conviction and sentence.

## DISCUSSION

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158-59 (M.D. Pa.1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself...." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir.1991).

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion.  See United States vs. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999).  Here, Petitioner is clearly challenging his conviction and sentence.  Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced.  See section 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 ¶ 5; see also United States vs. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  The claimed inadequacy or ineffectiveness of § 2255 must be a "limitation of scope or procedure . . . prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke vs. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle vs. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is

determinative." Cradle, 290 F.3d at 538 (citing Garris vs. Lindsay, 794 F.2d 722,

727 (D.C. Cir. 1986)); see also Jeffers vs. Chandler, 253 F.3d 827, 830 (5th Cir.

2001)("A prior unsuccessful § 2255 motion or the inability to meet" the

requirements for a second or successive 2255 motion "does not make § 2255

inadequate or ineffective.").  The Petitioner has the burden of proving that §

2255 would be inadequate or an ineffective remedy. Reyes-Reguena vs. United

States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack vs. Yusuff, 218 F.3d 448,

452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping

requirements of section 2255. Brown vs. Mendez, 167 F. Supp. 2d 723, 727 (M.D.

Pa. 2001).  If a petitioner improperly challenges a federal conviction or sentence

under § 2241, the petition must be dismissed for lack of jurisdiction. Application

of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

It is apparent that Zierke's petition is not viable under 28 U.S.C. § 2241, as

he is once again trying to challenge his conviction and sentence.  Zierke has

already filed several motions pursuant to § 2255 motion in the District of Nebraska.

Additionally, he has filed requests in the Eighth Circuit seeking permission to file

second or successive § 2255 motion.  However, his requests to file a second or

7

successive § 2255 motion have been rejected by the Eighth Circuit.  Consequently,

Petitioner's lack of success in his 2255 proceedings does not establish that the

remedy afforded by section 2255 was inadequate or ineffective for him, nor is any

limitation he might now have in filing additional successive 2255 motions.  Thus,

the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed.

A separate Order will be issued.


Dated: June 10, 2015                    /s/William J. Nealon
                                        **United States District Judge**